**The STATE of Ohio, Appellant,**

**v.**

**HOOKER, Appellee.**

[Cite as *State v. Hooker* (1989), 64 Ohio App.3d 631.]

Court of Appeals of Ohio,
Lucas County.

No. L–89–082.

Decided Sept. 29, 1989.

*Robert Pyzik*, Prosecuting Attorney, for appellant.

*Richard Karcher,* for appellee.

***

ABOOD, Judge.

This is an appeal from the March 1, 1989 judgment of the Sylvania Municipal Court granting defendant-appellee Kathleen Hooker's motion to suppress evidence and to dismiss the complaint.

Plaintiff-appellant, state of Ohio, sets forth the following assignments of error:

"I.   The trial court committed prejudicial error in refusing to permit the State of Ohio to present evidence at the hearing on the Motion to Suppress and Dismiss.

"II.   The trial court committed prejudicial error in granting the Motion to Suppress and Dismiss based solely upon the opening statements of counsel.

"III.   The trial court committed prejudicial error by granting the Motion to Suppress and Dismiss of the Defendant–Appellee and not stating its essential findings of fact on the record as required by Rule 12(E) of the Ohio Rules of Criminal Procedure.

"IV.   The decision of the trial court was against the manifest weight of the evidence.

"V.   Assuming, arguendo, that the trial court did not commit prejudicial error by not permitting the State of Ohio to present evidence at the hearing and by rendering a decision in this matter solely upon the contents of the opening statement of counsel, the opening statement of counsel for the State of Ohio was sufficient to establish that the arrest of the Defendant–Appellee was constitutionally valid as it was based upon probable cause.

"VI.   The trial court committed prejudicial error by dismissing the Complaint against the Defendant–Appellee."

On February 12, 1988, appellee was arrested for driving under the influence of alcohol in violation of R.C. 4511.19(A)(1) and operating a motor vehicle while having a concentration of alcohol in excess of lawful limits in violation of R.C. 4511.19(A)(3).   Prior to trial, appellee filed a motion to suppress evidence and to dismiss the complaint, contending that the officer lacked probable cause to arrest appellee.   The case was set for hearing on July 25, 1988, at which time, after hearing opening statements of counsel, the court granted appellee's motion and dismissed the complaint.

In its first, second and sixth assignments of error, appellant contends that the trial court committed prejudicial error by refusing to permit the state of

Ohio to present evidence at the hearing on the motion to suppress and ultimately dismissing the complaint.

At the outset of the hearing, the prosecutor stated to the court as part of opening statement that the city's version of the events leading to appellee's arrest was slightly different from what defense counsel had represented. When the prosecutor attempted to state a brief summary as to what the city's evidence would show, the following dialogue took place:

"* * * THE COURT: This is all evidence that he got after he arrested her?

"MR. WOOD: No, Your Honor. Your Honor—

"THE COURT: You have got to have somethingbefore [*sic*] the Court that justifies an arrest, and your Court of Appeals will tell you that.

"MR. WOOD: I'd agree, Your Honor. In this particular case there was ample and probable cause for the Officer to make the arrest, and that's what the State's evidence offers—the Court—the City's evidence will show.

"THE COURT: Anything further Mr. Karcher? * * * "

At this point, defense counsel proceeded with his opening statement. Thereafter, the court proceeded as follows:

"* * * THE COURT: Anything further from the Prosecutor?

"MR. WOOD: Just if I might, Your Honor. Your Honor, this is the motion hearing.

"THE COURT: Yes.

"MR. WOOD: And in this particular case, after having found the Defendant in operation of the vehicle, the Officer made certain observations, and the Officer performed a battery of field sobriety tests that in the opinion of the City gave him the probable cause to make the arrest.

"THE COURT: I'm just going to point out to the Prosecutor on an appeal the Supreme Court would (inaudible) into this case, and all the evidence you had I know the Court of Appeals would suppress it because this was all gained as a result of unlawful arrest.

"I'm going to grant the motion to suppress—

"MR. WOOD: Your Honor, I would—

"THE COURT: —and to dismiss the complaint.

"MR. WOOD: I would—

"MR. KARCHER: Thank you, Your Honor.

"MR. WOOD: I would strongly object, Your Honor. We are here for an evidentury [*sic*] hearing, and you have not allowed the City to introduce any evidence.

"THE COURT: I asked you, and I said was there anything further.

"MR. WOOD: Well—

"THE COURT: The motion stands. The case is dismissed."

Clearly, the court set the motion to suppress for hearing and the prosecutor was prepared to bear his burden of going forward with evidence on the issue of whether probable cause existed for the arrest, but the court did not allow him to do so.

Based upon the foregoing, we find that the court committed reversible error by denying the state the opportunity to present evidence as to the motion to suppress. Accordingly, appellant's first, second and sixth assignments of error are found well taken.

Appellant's fourth assignment of error asserts that the court's decision was contrary to the manifest weight of the evidence. Since, however, no evidence was allowed to be presented, this assignment of error is found not well taken.

This court having found appellant's first, second and sixth assignments of error well taken, appellant's third and fifth assignments of error are rendered moot and are therefore found not well taken.

On consideration whereof, this court finds substantial justice has not been done the party complaining, and the judgment of the Sylvania Municipal Court is reversed. This case is remanded to said court for further proceedings not inconsistent with this opinion. It is ordered that appellee pay the court costs of this appeal.

*Judgment reversed.*

HANDWORK, P.J., and CONNORS, J., concur.